# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SUITBERTO GIMENEZ,

    Plaintiff,

-vs-                              Case No. 8:08-cv-2495-T-24-TGW

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's motion to stay the case and compel appraisal. (Doc. 9.) Plaintiff opposes this motion. (Doc. 12.)

## BACKGROUND

Plaintiff owns a homeowner's insurance policy issued by Defendant. (Compl., ¶ 3.) In February 2008, Plaintiff discovered that his home had been damaged by sinkhole activity, a peril covered under the policy, and he filed a claim with Defendant. (Id., ¶¶ 6–8.) After the claim was filed, Defendant hired a geo-technical engineering firm to inspect the home and then paid Plaintiff the damages recommended by the firm, approximately $61,840.23. (Doc. 9, pp. 1–2; Doc. 12, p. 2.) In November, Plaintiff filed the present suit in state court to compel further payment of damages and interest and the costs and attorneys' fees associated with the case.

Defendant now moves to stay the case and to compel appraisal of the damages to be paid, pursuant to the insurance policy, which states:

> Appraisal. If the Named Insured and we fail to agree on the actual cash value or amount of loss, either party may make written demand for an appraisal. Each party will select an appraiser and notify the other party of the appraiser's identity within 20 days after the demand is received. The appraisers will select a

> competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, the Named Insured or we can ask a judge of a court of record in the state of the Described Location to select an umpire.
>
> The appraisers will appraise the loss, based on the method of payments specified in the policy for each item. If the appraisers submit a written report of agreement to us, that amount will be the actual cash value amount of the loss. If they cannot agree, they will submit their differences to the umpire. A written award by any two will determine the amount of loss.

(Doc. 9-2, p. 15.)

Plaintiff opposes the motions to stay and to compel appraisal on two grounds. First, Plaintiff argues that this clause may only be invoked when the single point of dispute is the cost of the damage and alleges that Defendant is disputing the cost in addition to the issues of the ownership of the property, the validity of the policy, and the cause of the damage. (Doc. 12, p. 6.) Secondly, Plaintiff asserts that Defendant waived its right to invoke the appraisal clause in the contract by acting inconsistently with the appraisal process. (Id., p. 3.) Specifically, Plaintiff charges that Defendant's payment of the claim, removal of the case to Federal Court, answering the Complaint, participation in the case-scheduling process, and cooperation in making initial discovery disclosures before requesting the appraisal were acts so inconsistent with the appraisal process that they served to waive Defendant's right to appraisal.

## **DISCUSSION**

"When a party refuses to arbitrate a dispute in accordance with the policy's arbitration clause, the other party may bring an action to compel arbitration. Appraisal provisions in insurance policies such as the one in the instant case have generally been treated as arbitration provisions" which courts may enforce if there is an "arbitrable issue." United States Fid. & Guar. Co. v. Romay, 744 So. 2d 467, 469 (Fla. 3d. DCA 1999) (citations omitted). Arbitrable

2

issues involved with appraisal . . . are narrowly restricted to the resolution of specific issues of actual cash value and amount of loss." Id.

In opposing the motion to compel arbitration, Plaintiff claims that the issues here are beyond the scope of a mere cash-value determination. Plaintiff uses as support Defendant's statements that 1) Defendant was without knowledge regarding Plaintiff's ownership of the relevant property; 2) Defendant was without knowledge regarding what damage Plaintiff discovered in his home on February 14, 2008; and 3) Plaintiff's house had incurred sinkhole damage, but that Defendant denied, due to inadequate knowledge, the broad statement in the Complaint that all damage in Plaintiff's home was caused by sinkhole activity. (Doc. 12, pp. 5–6.) However, none of these issues affect the claim at hand. Their tangential nature is demonstrated by the fact that, 1) Defendant admits to the Court that there is a covered loss for which Plaintiff's policy entitles Plaintiff to damages in both the answer and the present motion; and 2) even prior to the filing of the present suit, Defendant paid $61,840.23 on Plaintiff's claim. Plaintiff petitions the Court because he believes the amount to be insufficient. This elucidates the fact that the only issue here is the actual cash value to be paid to Plaintiff under his policy. This case, therefore, presents the quintessential arbitrable issue.

Next, Plaintiff claims that Defendant has acted contrary to the arbitration policy and has therefore waived its right to invoke it. The Court disagrees.

Defendant paid on the claim filed by Plaintiff in September of 2008, and this suit was filed in November. Since that time, Defendant has timely removed the suit, filed an answer, made initial disclosures, and participated in case management and scheduling negotiations. Plaintiff argues that such participation in the suit demonstrates inconsistency with the arbitration

3

process. The implication is that Defendant should not have appeared or cooperated in the lawsuit prior to demanding arbitration. However, timely complying with the Federal Rules of Civil Procedure and the orders of the Court as well as asserting one's rights as a Defendant in a lawsuit should not be penalized.

Defendant paid Plaintiff damages on the claim at issue, which Plaintiff took, in September of 2008. Plaintiff filed suit two months later, and Defendant then asked the Court to compel arbitration less than two months after that original suit in state court was filed. Courts have not held that merely complying with one's duties as a defense litigant through the case management phase of litigation divests one of his right to invoke an appraisal clause. In fact, stays to compel arbitration in insurance claim cases have been granted even after the summary judgment phase of litigation. See, e.g., Fla. Gaming Corp. v. Affiliated FM Ins. Co., 502 F. Supp. 2d 1257, 1261 (S.D. Fla. 2007). This Court does not find that Defendant has unduly delayed its request for appraisal in a manner that indicates animus toward or inconsistency with the appraisal process. Thus, the Court grants the requested stay to compel the appraisal as governed by the insurance-policy contract.

**CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion is GRANTED. This case is stayed until April 30, 2009, or until appraisal is complete, whichever is sooner. At the termination of the stay, to be no later than April 30, 2009, the parties are required to file with the Court a notice of progress, apprising the Court of the status of the case.

DONE AND ORDERED this 3rd day of February, 2009.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record