UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUITBERTO GIMENEZ,

    Plaintiff,

-vs-                                                        Case No. 8:08-cv-2495-T-24-TGW

AMERICAN SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's motion for an order declaring his entitlement to reasonable attorneys' fees, costs, and prejudgment interest thereon. The specific amount requested in attorneys' fees and costs is not addressed by the motion. Defendant agrees that Plaintiff is entitled to reasonable attorneys' fees and costs. However, Defendant disputes that the attorneys' fees should include a fee enhancement. In addition, Defendant appears to agree that Plaintiff is entitled to prejudgment interest as to Plaintiff's attorneys' fees and costs, but disputes the date from which the interest should be calculated and disputes that Plaintiff is entitled to prejudgment interest on the appraisal award itself.

## BACKGROUND

Plaintiff owns a homeowner's insurance policy issued by Defendant. (Compl., ¶ 3.) In February 2008, Plaintiff discovered that his home had been damaged by sinkhole activity, a peril covered under the policy, and he filed a claim with Defendant. (*Id.*, ¶¶ 6–8.) After the claim was filed, Defendant hired a geo-technical engineering firm to inspect the home and then paid Plaintiff the damages recommended by the firm, approximately $61,840.23. (Doc. 9, pp. 1–2;

Doc. 12, p. 2.) In November of 2008, Plaintiff filed the present suit in state court to compel further payment of damages, interest, costs, and attorneys' fees.

In January of 2009, Defendant moved to stay the case and to compel appraisal of the damages to be paid, pursuant to the parties' insurance policy (*See* Doc. 9-2, p. 15). Plaintiff opposed the motion to stay and to compel appraisal. The Court, however, granted the motion to stay. An appraisal was performed pursuant to the parties' insurance policy, and it was determined that Plaintiff's home incurred a total of $125,000 in damages as the result of sinkhole activity. Thus, Defendant owed Plaintiff $63,159.77 more than Defendant had originally paid on the policy. Based on the appraisal, Defendant acknowledged Plaintiff's entitlement to the additional sum and paid Plaintiff the additional $63,159.77, and the Court entered a judgment in favor of Plaintiff in the amount of the additional liability on the policy. (Doc. 27.) Plaintiff then filed the present motion.

## **DISCUSSION**

Defendant agrees that Plaintiff is entitled to litigation costs, pursuant to Florida Statutes section 627.428, and to reasonable attorneys' fees. Defendant disputes, however, that Plaintiff is entitled to have his attorneys' fees enhanced by a multiplier. Defendant agrees that Plaintiff is entitled to prejudgment interest on attorneys' fees and costs, but not on the appraisal award itself. Defendant further disputes the date from which the applicable prejudgment interest should be calculated. As the present motion seeks only a broad declaration that Plaintiff is entitled to fees and prejudgment interest, however, the Court addresses the issues only from a broad scope of inquiry.

Attorneys' Fees

Defendant argues that the attorneys' fees awarded in this case should be calculated by using the traditional lodestar method of multiplying the reasonable hours spent by the reasonable hourly rate. Plaintiff argues that the amount calculated under the lodestar approach should then be enhanced by a fee multiplier.

Under fee shifting statutes like section 627.428 of the Florida Statutes, Florida courts have adopted the federal "lodestar" approach for calculating the appropriate amount of attorneys' fees owed to the prevailing party. *Fla. Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1146 (Fla. 1985). Under this approach, the Court calculates the "lodestar," a product of the hours reasonably expended on the case multiplied by a reasonable hourly rate. *See id.* at 1150. In *Rowe*, the Florida Supreme Court outlined the factors to be considered in determining what hours and what rates are reasonable for a particular case. The factors are:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship with the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.

*Id.* at 1150.

In some cases, the Court may then choose to enhance the lodestar amount by a contingency risk multiplier; in other words, it multiplies the lodestar by an amount that reflects the nature of the risk the attorney undertook in accepting the case. *Id.* at 1151. Enhancing attorneys' fees by a multiplier is not mandatory in contingency-fee cases. *Standard Guaranty Ins. Co. v. Quanstrom*, 555 So. 2d 828, 834 (Fla. 1990). The party requesting the multiplier has the burden of proving that it is appropriate. The Florida Supreme Court has ruled that a trial court should consider three factors when determining whether a multiplier is necessary and justified: "(1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." *Id.* at 834. If a multiplier is justified, the amount of the multiplier is determined as follows:

> [I]f the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

*Id.*

Plaintiff argues the *Quanstrom* factors compel a fee enhancement in this case. As to the first factor in *Quanstrom*, whether market conditions require an enhancement to obtain counsel, Plaintiff argues that "attorneys of similar skill and reputation simply will not accept similar first party insurance cases without the possibility of a multiplier as these cases become highly undesirable," and that insureds in similar situations "are typically unable to pay the high hourly

4

rate such cases demand for the lawyers that possess the highly specialized training and experience required for adequate representation." This is the only evidence offered to support Plaintiff's characterization of the market's requirements. This is insufficient evidence to prove such a market mandate. *Progressive Express Ins. Co. v. Shultz,* 948 So. 2d 1027 (Fla. 5th DCA 2007); *Eickhardt v. Hintze*, 969 So. 2d 1219, 1223 (Fla. 1st DCA 2007). Refusing to grant a multiplier is appropriate when no evidence, aside from Plaintiff's attorney's say-so, has been presented to show that market conditions require an enhancement to enable Plaintiff to obtain competent counsel. *Shultz,* 948 So. 2d at 1030; s*ee also Gonzalez v. Veloso*, 731 So. 2d 63, 64 (Fla. 3d DCA 1999)(When denying a multiplier, the court stated: "there [is no] evidence in the record that the prevailing party would have been unable to obtain competent counsel.") (quoting *Askowitz v. Susan Feuer Interior Design, Inc.*, 563 So. 2d 752, 754 (Fla. 3d DCA 1990)).

As to the next *Quanstrom* factor, whether the attorney was in any way able to mitigate the risk involved in the case, Plaintiff argues that "it was impossible to mitigate the risk of loss in this case and thus, if unsuccessful, there would be no recovery." He continues, arguing that the facts of this case mandated the "unusually high" costs of hiring experts to determine sinkhole damage, which created "a *much greater* risk of nonpayment and debt than a case involving a mere insurance dispute." However, Plaintiff does not state the amount required to hire the expert in this case, but rather, gives a very broad range of what experts might cost in similar cases. The Court also notes that the suit was brought prior to Plaintiff's fulfilling the policy requirement that the amount in dispute be decided pursuant to arbitration, the process by which Plaintiff obtained his sought outcome. Thus, Plaintiff has not demonstrated that there was any need to retain the expert in question.

The third prong of the *Quanstrom* analysis refers the Court to the *Rowe* factors and asks "whether any of the factors set forth in *Rowe* are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client." Plaintiff argues that the relevant *Rowe* factors here include the fact that this case 1) was taken on a contingency fee basis, and 2) presented complex issues in a specialized area of the law, sinkholes.

The Court does not find that the contingent nature of this case, in and of itself, justifies a fee multiplier. It notes that multipliers are not required simply on that basis, and it finds persuasive the following reasoning of the Supreme Court:

> An attorney operating on a contingency-fee basis pools the risks presented by his various cases: cases that turn out to be successful pay for the time he gambled on those that did not. To award a contingency enhancement under a fee-shifting statute would in effect pay for the attorney's time (or anticipated time) in cases where his client does not prevail.

*City of Burlington v. Dague* 505 U.S. 557, 565 (1992). Thus, to grant a multiplier based on the contingency fee alone might create a windfall to attorneys operating on such a basis.

As to the complex nature of this case, Plaintiff offers no evidence that the issues involved were at all extraordinary. Again, the Court notes that this case came down to the application of a straight-forward arbitration clause contained in Plaintiff's insurance policy—a fairly basic legal issue. The Court, however, also remarks that, were there some unnoted-yet-complicated issues involved in this case, the lodestar method ordinarily takes such complexities into account, "either in the higher number of hours expended to overcome the difficulty, or in the higher hourly rate of the attorney skilled and experienced enough to do so." *Id.* at 562–63.

6

Plaintiff has failed to meet his burden in proving to the Court that a fee multiplier is warranted in this case. The Court acknowledges that Plaintiff's attorney is entitled to reasonable attorneys' fees, as calculated under the lodestar method but denies Plaintiff's motion for an order stating his entitlement to the multiplier.

### Prejudgment Interest

Plaintiff also claims entitlement to prejudgment interest on the reasonable attorneys' fees and costs, accruing from the date on which entitlement to the fees is fixed, even though the amount of the fees is not determined. *See Cincinnati Equitable Ins. Co. v. Hawit*, 933 So. 2d 1233, 1235 (Fla. DCA 3d 2006). Defendant does not raise an objection to the award of prejudgment interest on attorneys' fees. The Court notes, however, that Plaintiff does not appear to move for, or provide any argument supporting, an award of prejudgment interest on the appraisal award itself (*see* Doc. 21, pp. 5–6), which Defendant would contest under the terms of the insurance policy, which allows the insurer sixty days from the appraisal award to pay the insured. *See Allstate Ins. Co. v. Blanco*, 791 So. 2d 515, 517 (Fla. 3d DCA 2001)(holding that, although prejudgment interest on the appraisal amount was generally awarded from the date of the appraisal, the plaintiff was not entitled to prejudgment interest because the insurance contract allowed the insurer sixty days after the appraisal to pay the award).

### CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's motion is GRANTED, IN PART, AND DENIED, IN PART. Plaintiff is entitled to reasonable costs and attorneys' fees, as well as prejudgment interest thereon, accruing from the date of this order. Plaintiff is not entitled to an attorney-fee enhancement.

7

DONE AND ORDERED this 28th day of July, 2009.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge