UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUITBERTO GIMINEZ,

     Plaintiff,

v.                                                            Case No. 8:08–cv–02495–T–24–TGW

AMERICAN SECURITY
INSURANCE COMPANY,

     Defendant.
_____/

## ORDER

This cause comes before the court on Plaintiff Suitberto Giminez's motion to correct the judgment and award costs and pre-judgment interest. (Doc. 32). Defendant American Security Insurance Company opposes the motion. (Doc. 34).

## BACKGROUND

Plaintiff owns a homeowner's insurance policy issued by Defendant. (Compl., ¶ 3). In February 2008, Plaintiff discovered damage to the walls, floors, and foundation of his home caused by sinkhole activity, a peril covered under the policy, and he filed a claim with Defendant. (*Id.*, ¶¶ 6-8). Defendant then hired a geo-technical engineering firm to inspect the home and paid Plaintiff the damages recommended by the firm, totaling $61,840.23. (Doc. 9, pp. 1-2; Doc. 12, p. 2). In November 2008, Plaintiff filed the present suit in the Thirteenth Judicial Circuit of Florida to compel further payment of damages, interest, costs, and attorney's fees. (Doc. 2). Defendant removed the case in December 2008 pursuant to the Court's diversity jurisdiction. (Doc. 1).

1

Subsequently, the Court granted Defendant's motion to stay the case and to compel appraisal of the damages to be paid, pursuant to the parties' insurance policy. (Doc. 9-2, p. 15). The appraisal determined that the sinkhole activity caused a total of $125,000 in damages to Plaintiff's home, and thus, Defendant owed Plaintiff an additional $63,159.77. Defendant recognized Plaintiff's entitlement to the additional sum and paid Plaintiff $63,159.77.

Plaintiff then filed a motion for an order and judgment entry confirming the $63,159.77 appraisal award, and for fees, taxable costs, and interest on the award from the date of loss. (Docs. 20-23). The Court acknowledged Defendant's payment and entered a judgment of $63,159.77 in favor of Plaintiff and against Defendant. (Doc. 27). However Plaintiff failed to file a legal statement explaining Plaintiff's entitlement to additional fees, costs, and award interest (Doc. 20), and the Court entered an order denying the request for fees, costs, and award interest without prejudice. (Doc. 26).

## **DISCUSSION**

Next, Plaintiff filed a "Motion to Correct the Judgment, Award Costs and for Pre and Post-Judgment Interest." (Doc. 32). As discussed below, costs and prejudgment interest should have been moved for separately. Additionally, Plaintiff failed to make a legal argument for post-judgment interest, and therefore the Court will not consider that claim.[1]

### A. Prejudgment Interest

The portion of Plaintiff's motion seeking to correct the judgment and award prejudgment interest should have been filed pursuant to Federal Rule of Civil Procedure 59(e) as a motion to

---

[1] While Plaintiff styled their motion as a motion for pre- and post-judgment interest, Plaintiff failed in the body of the motion to even ask for post-judgment interest. (Doc. 32.)

alter or amend a judgment. *See Osterneck v. U.S.*, 489 U.S. 169, 175-76 (1989). A motion to amend is timely if filed "no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). When calculating a prescribed time period of less than 11 days, Rule 6 provides that the intermediate Saturdays and Sundays should not be included. Fed. R. Civ. P. 6(a)(2). Therefore, Plaintiff's 10-day period in which he could timely file ended on July 20, 2009. Because the Court entered the Judgment on July 6, 2009 (Doc. 27) and Plaintiff filed this motion on July 22, 2009, the motion for prejudgment interest is not timely.[2]

Even if Plaintiff had timely filed, this Court recognized in our previous order dated July 28, 2009 (Doc. 33) that the terms of the insurance policy would preclude Plaintiff from seeking pre-judgment interest, because the policy allows Defendant 60 days from the date of the appraisal award to pay the insured. *See Allstate Ins. Co. v. Blanco*, 791 So. 2d 515, 517 (Fla. 3d DCA 2001) (holding that although prejudgment interest on the appraisal amount was generally awarded from the date of the appraisal, the plaintiff was not entitled to prejudgment interest because the insurance contract allowed the insurer sixty days after the appraisal to pay the award).

### B. Costs

Plaintiff also improperly seeks an award of costs, which should be filed pursuant to Federal Rule of Civil Procedure 54(d)(1). *See Lucas v. Fla. Power & Light, Co.*, 729 F.2d 1300, 1301-02 (11th Cir. 1984). Although Rule 54(d)(1) does not provide a time period within which a

---

[2] The Plaintiff's 10-day time period to timely file began upon the entry of judgment. Thus, the Rule 6(d) provision for an additional three days to respond when service is made under Rule 5(b)(2)(C-F) is not applicable because Rule 5(a)(1) does not contemplate the service of judgments. *See Sanders v. Drainfield Doctor, Inc.*, No. 6:06–cv–1216–Orl.–28 GJK, 2009 WL 667158, at *5 (M.D. Fla. March 13 2009).

party must make a motion for costs, Local Rule 4.18 requires all claims for attorney's fees and costs "to be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." M.D. Fla. R. 4.18. Applying the Rule 6 guidelines, a 14-day time frame is interpreted as 14 calendar days.[3] Therefore, the 14-day period in which Plaintiff could timely file the motion for costs ended on July 20, 2009. Plaintiff's motion for costs filed on July 22, 2009 is untimely. Furthermore, Plaintiff failed to file a bill of costs with the Clerk of the Court. *See Royal Surplus Lines Ins. Co. v. Coachman Industries, Inc.*, 229 F.R.D. 695 (M.D. Fla. 2005).

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's motion is **DENIED**. Plaintiff is not entitled to costs or prejudgment interest.

**DONE AND ORDERED** at Tampa, Florida this 21st day of September, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[3] The Plaintiff's 14-day time period to timely file began upon the entry of judgment. Thus, the Rule 6(d) provision for an additional three days to respond when service is made under Rule 5(b)(2)(C-F) is not applicable because Rule 5(a)(1) does not contemplate the service of judgments. *See Sanders v. Drainfield Doctor, Inc.*, No. 6:06–cv–1216–Orl.–28 GJK, 2009 WL 667158, at *5 (M.D. Fla. March 13 2009).